IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LABXPRESS, LLC, d/b/a SUREXPRESS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-10-207-C ) |
| LABORATORY CORPORATION OF AMERICA, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff LabXpress, LLC, doing business as SureXpress ("SureXpress") brought this diversity suit against Defendant Laboratory Corporation of America ("LabCorp") claiming breach of contract. Plaintiff now moves this Court for an order compelling Defendant to produce an additional 30(b)(6) witness for deposition at Defendant's cost, and for an order for sanctions against Defendant for failure to produce an adequately prepared witness at a prior 30(b)(6) deposition.

### I. BACKGROUND

On November 5, 2010, Plaintiff served its Rule 30(b)(6) Notice on Defendant, which served its objections to that Notice on December 17. (Def.'s Br., Dkt. No. 46, at 3.) Although Defendant objected to most of the noticed topics, it did not move this Court for a protective order against Plaintiff asking such questions in deposition. In fact, Defendant

agreed to produce a 30(b)(6) designee for deposition to answer all of Plaintiff's noticed topics, except topics 3 and 15. (Id.)

On February 16, 2011, Plaintiff's counsel deposed Defendant's 30(b)(6) designee, Bert Koch, in Dallas, Texas. (Id. at 4.) Plaintiff claims that Mr. Koch, the general manager of LabCorp's Southwest Division, was ill prepared to testify regarding several topics noticed to be discussed. (Id. at 1.) Defendant counters that Mr. Koch provided ample testimony to Plaintiff—including testimony which led Plaintiff to charge Defendant with additional claims—and fulfilled his duty under Rule 30(b)(6). The parties attempted to reach resolution as to this issue, but were unable to do so.

## II. STANDARD

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a business organization such as LabCorp. The Rule provides as follows:

> In its notice . . . a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). A party seeking to preclude a Rule 30(b)(6) deposition may seek a protective order under Federal Rule of Civil Procedure 26(c)(1). This Rule provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden to show good cause for it. Additionally,

2

under Rule 37, the Court may impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). This sanction has been applied to 30(b)(6) designees who fail to properly prepare for deposition. See Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 647 (D. Kan. 1999).

### III. DISCUSSION

Plaintiff claims that Defendant had an obligation to ensure that its 30(b)(6) designee, Mr. Koch, reviewed all matters known or reasonably available to him in preparation for his deposition. Plaintiff further claims that Defendant failed to sufficiently prepare its 30(b)(6) designee because Mr. Koch only reviewed the 30(b)(6) notice the day before his deposition, and "his entire preparation consisted of reviewing approximately 10 documents provided to him by counsel." (Pl.'s Br., Dkt. No. 40, at 4-5.)

Specifically, Plaintiff claims that Mr. Koch was unprepared to answer topics 4 through 14 and that Defendant failed to designate a representative regarding topics 3 and 15. Plaintiff argues that Mr. Koch's testimony was based entirely on his personal knowledge, which was fruitful but failed to meet the 30(b)(6) requirements. Plaintiff cites several excerpts from Mr. Koch's deposition in which he was unable to answer questions outlined in the notice and several statements by Mr. Koch admitting that he did not prepare for certain noticed topics. (See id. Ex. 9, passim.) Plaintiff points to Defendant's designation of Steve Harbough as an additional 30(b)(6) designee as evidence of Defendant's failure to properly prepare Mr. Koch. Plaintiff now moves to compel the deposition of Steve Harbough, at Defendant's expense, after the parties were unable to reach a compromise on the issue.

3

Defendant claims that Mr. Koch was adequately prepared for his deposition and satisfied the requirements of Rule 30(b)(6). Defendant argues that Mr. Koch's personal knowledge arising from his position as supervisor of the Oklahoma branch, his communication with SureXpress regarding "a variety of issues," and his supervisory role over other LabCorp employees, such as Margaret Marchant, establish that his knowledge was sufficient to meet Rule 30(b)(6) standards. Defendant also states that in preparation for his deposition, Mr. Koch met and discussed with Defendant's counsel and reviewed documents. Defendant argues that Plaintiff improperly seeks to hold Mr. Koch responsible for the personal knowledge of "every other potential witness at LabCorp and speak on their behalf." (Def.'s Br., Dkt. No. 46, at 2.) Defendant concludes that "Plaintiff cannot avoid having to conduct its own discovery by requiring LabCorp to produce a single witness to testify as to other people's knowledge." (Id.) Defendant states that Plaintiff's counsel asked Mr. Koch questions regarding his preparation for his deposition, not the noticed topics, which misleads the level of Mr. Koch's preparedness.

While it is true that the deposition testimony of a party's 30(b)(6) designee cannot replace the entire discovery process, Defendant is responsible for designating someone who has knowledge reasonably available to the corporation regarding the noticed topics. See Starlight, 186 F.R.D. at 639 ("Corporations . . . have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.").

Under Rule 30(b)(6), it was LabCorp's duty to ensure that Mr. Koch was prepared to answer the noticed questions, but he was not. Mr. Koch was unable to answer questions regarding numerous topics and even admitted to his unpreparedness. (See, e.g., Pl.'s Br., Dkt. No. 40 Ex. 9, at 173, passim ("I didn't come prepared to present any information about cancellation of services.")). While it is true that LabCorp is not required to "gather the personal knowledge of every other potential witness at [the corporation] and speak on their behalf," it was responsible for either fully preparing Mr. Koch to testify or providing additional 30(b)(6) witnesses who were prepared, which it did not do concerning the majority of the noticed topics.

Regarding Plaintiff's request for sanctions, the Court finds that the only added cost to Plaintiff was the filing of this Motion; a corporation may designate more than one witness to comply with its Rule 30(b)(6) requirements, and Plaintiff would still be required to depose multiple designees even if Defendant had originally designated Mr. Harbough as a 30(b)(6) witness. See Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999) (finding that the corporate deponent had an affirmative duty to "make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." (quoting Sec. & Exch. Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992))).

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion to Compel (Dkt. No. 40) is GRANTED. Plaintiff may depose additional 30(b)(6) designees regarding topics 3 and 5-15 within 21 days of this Order. Plaintiff is further awarded costs associated with the filing of this motion. Counsel

5

shall confer in an attempt to agree on a reasonable fee; if agreement cannot be reached, Plaintiff shall file a motion within 21 days of this Order.

IT IS SO ORDERED this 22nd day of March, 2011.

ROBIN J. CAUTHRON
United States District Judge